HGD/E

FILED
2010 NOV 29 PM 1:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Court
Northern District of Alabama

Antoine Bruce,
    Plaintiff,

V.

William Holbrook,
Mounir Mourtada,
B. Alley,
T. Rutledge,
    Defendants

Case No. CV-10-B-3287-E

COMPLAINT

## Jurisdiction

1. Jurisdiction is asserted pursuant to 28 U.S.C. 1331, 1651, 2201-02 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## Parties

2. Plaintiff Antoine Bruce # 35363-007, is an inmate confined to the Federal Correctional Institution in Talladega, Ala. ("FCI Talladega").

3. Defendant William Holbrook, is employed as Clinical Director at FCI Talladega.

4. Defendant Mounir Mourtada, is employed as Mid-Level Practitioner at FCI Talladega.

5. Defendant B. Alley is employed as Health Services Administrator at FCI Talladega

1

6. Defendant T. Rutledge is employed as Medical Records Specialist.

## Statement of Facts

7. Plaintiff is an inmate designated to the "Special Mgmt. Unit" or "SMU" at FCI Talladega.

8. The SMU is a multi-phase program housing between 80 and 100 inmates who are segregated from the general population and remain confined to cells at all times.

9. All medical, religious, or other services may only be accessed when staff from those departments visit a SMU inmates cell.

10. There are approximately 1300 inmates housed at FCI/FPC Talladega.

11. There is one medical doctor, defendant Holbrook, available to treat FCI Talladega inmates.

12. Inmates are assigned to one of five Mid-Level Practitioners who are responsible for the medical care of their assigned patients including scheduling of appointments and follow-up care, initiation of consultations, ordering of diagnostic tests, reviewing results.

13. Plaintiff's assigned Mid-Level Practitioner is defendant Mourada.

14. Defendant Alley oversees the Health Services Department and is responsible for supervising health service staff, evaluating the access to healthcare treatments and staff.

2

15. Defendant Rutledge is responsible for scheduling inmate appointments with specialists for consultation and ensuring inmates are escorted from SMU to appointments.

16. Plaintiff suffers from chronic dermatitis/eczema which is a painful skin condition. Plaintiff also suffers from a painful dental condition and requires prescription eyeglasses.

17. Plaintiff repeatedly requested treatment for his medical conditions through verbal and written sick call requests to defendants Alley, Rutledge, Mourtada and Holbrook.

18. For over 15 months the defendants refused to refer the Plaintiff to a dermatologist or a specialist in treating skin conditions, or provide access to the same.

19. For over 15 months the defendants refused to make access to a dentist during which time Plaintiff suffered painful tooth decay.

20. Defendants Holbrook and Mourtada engaged in a custom of not scheduling appointments or following up on requests for medical treatment by SMU inmates.

21. Defendant Alley knew of Defendants Holbrook and Mourtada's ignoring sick call requests and took no action to compel them to provide treatment.

22. Defendant Rutledge for 15 months failed to schedule the Plaintiff to be examined by an optometrist to receive eyeglasses resulting in painful headaches, deterioration of vision and difficulty reading or movement.

23. In February 2010 Plaintiff wrote a complaint to the Hon. Mike Rogers, U.S. House of Representatives, concerning his inability to obtain medical treatment.

24. On Feb. 26, 2010 Congressman Rogers authored a letter to the BOP Office of Legislative Affairs inquiring into Plaintiff's medical treatment.

25. On Mar. 1, 2010 defendant Alley threatened to tell other inmates Plaintiff was an informant because of the Congressional inquiry, the facility reported that the Plaintiff failed to provide written authorization to respond to the Congressman's letter.

## Statement of Claims

26. Claim One: Defendants acted with deliberate indifference to a serious medical need in violation of the 8th Amendment by failing to have Plaintiff treated by a dermatologist.

27. Claim Two: Defendants violated the 8th Amendment by failing to provide access to an optometrist/Prescription eyeglasses.

4

28. Claim Three: Defendants violated the 8th Amendment by failing to provide adequate dental treatment.

29. Claim Four: Defendant Alley violated the First Amendments prohibition against retaliation.

30. Claim Five: Defendants violated the Eighth Amendment by failing to examine inmates on all sick call requests submitted in the SMU.

## Requested Relief

31. Compensatory damages of $5,000.00

32. Punitive damages of $15,000.00

33. Declaratory relief stating inmates retain a constitutional right to treatment by a dentist, optometrist and a dermatologist under the 8th Amendments.

34. Injunctive relief enjoining defendants from denying plaintiff access to a dermatologist, optometrist and dentist in a reasonable and timely manner or any treatments recommended by them.

It is So Prayed.

Signed,

*Antoine Bruce*

Antoine Bruce # 35348-007
FCI Talladega
PO Box 1000
Talladega, AL, 35160
Plaintiff

I certify, declare the aforegoing is true and correct under penalty of perjury pursuant to 28 USC 1246.

Executed 11-21-2010 at Talladega, Ala.

*Antoine Bruce*
Antoine Bruce